JEFFERSON REEVES & CO. v. JOHN F. SPRAGUE AND J. R. DAVIS.

*Injunction—Breach of Contract—Good-will in Trade.*

Where S., a druggist, in selling out a part of his stock to plaintiffs, agreed not to engage in the drug business in a certain town either directly or indirectly and afterwards sold the remainder of his stock to defendant D., who gave a mortgage upon the stock to secure the purchase price, and conducted a drug business in the town: *Held*, in an action to enjoin D. from conducting such business, that he is not an agent of S., the mortgagee, in the sense of conducting a business forbidden by the contract between S. and plaintiffs, and cannot be enjoined from carrying it on.

The defendant Sprague, in August, 1893, being engaged in the drug business in Waynesville, sold a portion of his stock to the plaintiffs, and in the contract was the following stipulation :

"And it is further agreed that for the space of three years from the date of this contract the said John F. Sprague will not enter into the drug business in the town of Waynesville, and the said John F. Sprague does by these presents covenant and agree with the said Jefferson Reeves & Co. that during said space of three years he will secure the said Jefferson Reeves & Co. against J. B. S. McIntosh, D. M. McIntosh or Dr. F. A. Walter entering into the drug business in the said town of Waynesville, either jointly or severally, or being interested in the drug business in the said town during the said time, either directly or indirectly."

Subsequently, in December, 1893, the defendant Sprague sold the remainder of the stock to the defendant Davis, who gave notes for the purchase-money secured by a mortgage upon the goods so sold.

On the 2d day of January, 1894, the plaintiffs issued summons against the defendants and on the same day, upon

petition and affidavit of Jefferson Reeves, one of the plaintiffs, obtained from his Honor Geo. A. Shuford, Judge of the Twelfth Judicial District, an order to show cause before him, the said Judge, at Chambers in Asheville, N. C., why an injunction should not be granted against the defendants enjoining them from the sale of drugs, chemicals, etc., in the town of Waynesville. The said order, together with a copy of the said affidavit of Jefferson Reeves, was served on J. R. Davis, one of the above-named defendants. The motion was heard before *Shuford, J.,* at Chambers in Asheville, on January 12, 1894, upon affidavits and exhibits filed by the plaintiffs and the defendants. Upon hearing the affidavits his Honor granted the injunction until the trial of the cause, from which order and judgment the defendant Davis appealed.

*Messrs. J. C. L. Gudger* and *Herbert Ferguson,* for plaintiffs.
*Messrs. J. B. Batchelor, Ferguson & Moody* and *Avery & Silver,* for defendant (appellant).

BURWELL, J.: We have carefully examined the affidavits and exhibits filed in this cause and find nothing that in our opinion entitles the plaintiffs to enjoin the appellant, J. R. Davis, from carrying on the business of a druggist in the town of Waynesville. The defendant Sprague is bound by his contract with the plaintiffs not to engage in that business at the place named, but the defendant Davis is not under any such obligation. Indeed, there is no contract whatever between him and the plaintiffs. He bought a stock of drugs from Sprague, it seems, as he was free to do. He secured the payment of the purchase-money therefor to Sprague by giving him a mortgage thereon, and as mortgagor he is in possession and was engaged in carrying on the business when stopped by the injunction order

issued in this cause, which not only enjoins the defendant Sprague and his agents and servants, but also the defendant Davis and his agents and servants. Now, while it is true that in some sense the mortgagor of a stock of goods may be said to be the agent of the mortgagee, that principle has no application, we think, to the matter now under consideration. It cannot be seriously contended that Sprague is violating a contract not to engage in the business of a druggist in Waynesville merely because he has a lien on a stock of drugs at that place.

We find in the evidence adduced no substantial foundation for the plaintiffs' allegation that the mortgage made by Davis to Sprague is a sham, and that Davis is merely the agent of Sprague. If, in fact, he is such agent the injunction against the defendant Sprague and *his* agents is sufficient for the plaintiffs' purposes. They produce no proof whatever, as it seems to us, that the appellant is Sprague's agent—only facts that might raise a suspicion that he is. To stop his lawful business upon the evidence now before us seems unreasonable.     Error.